UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-1561 FMO (RAOx) | Date | April 25, 2022 |
|---|---|---|---|
| Title | Kids Indoor Playground, Inc. v. Northfield Insurance Company | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Gabriela Garcia | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff(s):   Attorney Present for Defendant(s):

None Present   None Present

**Proceedings:**   (In Chambers) Order Re: Dismissal for Lack of Prosecution

On April 8, 2022, the court granted defendant's motion to dismiss and granted plaintiff leave to amend. (Dkt. 15, Court's Order of April 8, 2022, at 2). Plaintiff was granted until April 20, 2022, to file an amended complaint. (Id.). The court cautioned plaintiff that failure to timely file an amended complaint "shall result in this action being dismissed without prejudice for failure to prosecute and/or failure to comply with a court order." (Id.) (citing Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962)). As of the date of this Order, plaintiff has not filed an amended complaint. (See, generally, Dkt.).

A district court's authority to dismiss a litigant's claims for failure to prosecute or to comply with court orders is well-established. See Fed. R. Civ. P. 41(b); Link, 370 U.S. at 629-30, 82 S.Ct. at 1388 ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." Link, 370 U.S. at 629-30, 82 S.Ct at 1388. Moreover, a district court may dismiss a plaintiff's complaint pursuant to Rule 41(b) of the Federal Rules of Civil Procedure[1] when plaintiff fails to amend the complaint or file a notice of intent not to amend the complaint. See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004) (reversing dismissal of action when plaintiff timely filed a notice of intent not to amend); Yourish v. Cal. Amplifier, 191 F.3d 983, 989 (9th Cir. 1999) (affirming dismissal for failure to file an amended complaint or notice of intent); Ferdik, 963 F.2d at 1261 (same). In other words, "[t]he failure of the plaintiff eventually to respond to the court's ultimatum – either by amending the complaint or by indicating to the court that it will not do so – is properly met with the sanction of a Rule 41(b) dismissal." Edwards, 356 F.3d at 1065.

In determining whether to dismiss plaintiff's action pursuant to Rule 41(b), the court considers the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4)

---

[1] All "Rule" citations refer to the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-1561 FMO (RAOx) | Date | April 25, 2022 |
|---|---|---|---|
| Title | Kids Indoor Playground, Inc. v. Northfield Insurance Company | | |

the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik, 963 F.2d at 1260-61); see Applied Underwriters, Inc. v. Lichtenegger, 913 F.3d 884, 891 (9th Cir. 2019) ("By its plain text, a Rule 41(b) dismissal . . . requires 'a court order' with which an offending plaintiff failed to comply."). "Although it is preferred, it is not required that the district court make explicit findings in order to show that it has considered these factors and [the Ninth Circuit] may review the record independently to determine if the district court has abused its discretion." Ferdik, 963 F.2d at 1261.

Here, the first two factors – the public's interest in the expeditious resolution of the litigation and the court's need to manage its docket – favor dismissal because plaintiff's "noncompliance has caused [this] action to come to a complete halt, thereby allowing [it] to control the pace of the docket rather than the Court." Yourish, 191 F.3d at 990 (internal quotation marks omitted). Plaintiff's failure to file an amended complaint prevents the case from moving forward and indicates that it does not intend to litigate this action diligently.

The third factor – prejudice to defendants – also weighs in favor of dismissal. A rebuttable presumption of prejudice to defendant arises when there is a failure to prosecute diligently. See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). That presumption may be rebutted where a plaintiff proffers an excuse for delay. Id. at 1453. Here, plaintiff has not come forward with any excuse or reason for delay.

The fourth factor – availability of less drastic sanctions – also favors dismissal. The court issued an order granting plaintiff leave to file a first amended complaint and warned it that failure to timely file an amended complaint "shall result in this action being dismissed without prejudice for failure to prosecute and/or failure to comply with a court order." (Dkt. 15, Court's Order of April 8, 2022, at 2) (citing Fed. R. Civ. P. 41(b); Link, 370 U.S. at 629-30, 82 S.Ct. at 1388); Ferdik, 963 F.2d at 1262 ("[A] district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the consideration of alternatives requirement.") (citation and internal quotation marks omitted). Plaintiff has not otherwise communicated with the court to advise as to why plaintiff has not or will not file an amended complaint. See Harris v. Mangum, 863 F.3d 1133, 1142 (9th Cir. 2017) ("When a district court dismisses an action because the plaintiff has not filed an amended complaint after being given leave to do so and has not notified the court of his intention not to file an amended complaint, we may deem the dismissal to be for failure to comply with a court order based on Federal Rule of Civil Procedure 41(b).").

The fifth factor – public policy favoring a disposition of the case on the merits – ordinarily weighs against dismissal. See In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1228 (9th Cir. 2006). However, "this factor lends little support to a party [such as plaintiff] whose responsibility is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." Id.; see Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991) ("Although there is indeed a policy favoring disposition on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-1561 FMO (RAOx) | Date | April 25, 2022 |
|---|---|---|---|
| Title | Kids Indoor Playground, Inc. v. Northfield Insurance Company | | |

refrain from dilatory and evasive tactics.").

In short, having considered the Pagtalunan factors, the court is persuaded that the instant action should be dismissed for failure to comply with a court order and failure to prosecute.

Based on the foregoing, IT IS ORDERED THAT the above-captioned case is **dismissed without prejudice**.  Judgment shall be entered accordingly.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | gga | |